UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMEN GRIFFIN,

        Petitioner,                  Case No. 11-12598
                                                 Honorable David M. Lawson

v.

CATHERINE BAUMAN,

        Respondent.
_____/

## OPINION AND ORDER DENYING MOTION FOR EQUITABLE TOLLING, VACATING ORDER REQUIRING RESPONSE TO PETITION, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On June 15, 2011, the petitioner, Edmen W. Griffin, presently confined at the Alger Correctional Facility in Munising, Michigan, filed a petition for a writ of habeas corpus *pro se* under 28 U.S.C. § 2254 challenging his 2005 conviction for assault with intent to commit sexual penetration, Mich. Comp. Laws § 750.520g(1), and two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e). The petitioner was sentenced to seven to twenty years imprisonment for the assault conviction and to twenty-seven to seventy years for each of the first-degree criminal sexual conduct convictions. The petitioner challenges his conviction on the grounds that (1) he was deprived of effective assistance of counsel because his trial attorney failed to retain an independent DNA expert, failed to investigate exculpatory witnesses, failed to provide him with copies of the discovery package, and failed to object to the imposition of economic penalties; (2) the prosecution failed to produce sufficient evidence of his guilt; (3) the trial court violated his right to due process by miscalculating several sentencing offense variables; (4) his Sixth Amendment rights were violated when his sentence was increased on the basis of judge-found fact never determined by a jury; (5) he was denied a fair trial because of judicial misconduct during trial;

(6) the court erred in admitting the results of DNA testing; (7) the prosecution failed to produce sufficient evidence that the petitioner had a gun during the assault; (8) he is entitled to a new trial because there was a breakdown in his relationship with his attorney; (9) he should be granted a new trial because his waiver of a jury trial was inadequate; (10) the trial court relied on a materially inaccurate version of the fact and the judge's findings were clearly erroneous; (11) the court erred by ordering payment of attorney's fees based on inaccurate information and without proper authority; (12) he was denied the effective assistance of appellate counsel because appellate counsel failed to submit the above claims for appellate review in his direct appeal; and (13) he was denied a fair trial due to the cumulative effect of errors. On June 15, 2011, the petitioner also filed a motion to equitably toll the one-year statute of limitations, arguing that he relied on a fellow inmate's erroneous advice that he had one year from the date that the Michigan Supreme Court affirmed the denial of his motion for relief from judgment to file his habeas petition. The Court finds that the claims in the petition were filed out of time and the petitioner has not provided grounds for tolling the statute of limitations. Therefore, the petition will be dismissed with prejudice.

I.

The petitioner was convicted following a bench trial in the Wayne County Circuit Court on May 23, 2005 and sentenced on June 9, 2005 to the prisons term described above. His conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Griffin,* No. 263510, 2006 WL 3371784 (Mich. Ct. App. Nov. 21, 2006). The Michigan Supreme Court denied his application for leave to appeal on May 30, 2007. *People v. Griffin*, 478 Mich. 868, 731 N.W.2d 691 (2007). On May 6, 2008, the petitioner filed a post-conviction motion for relief from judgment in the trial court that was denied. The petitioner's ensuing applications for leave to appeal in the Michigan Court of

Appeals and the Michigan Supreme Court were denied. *People v. Griffin*, 485 Mich. 1124, 779 N.W.2d 798 (Mar. 29, 2010).

The petitioner filed the present petition for a writ of habeas corpus in this Court on June 15, 2011. The petition was signed and dated on June 7, 2011.

II.

It is well established that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, governs the filing date for the habeas application in this case because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. *See* 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc) (case filed thirteen days after the limitations period expired dismissed for failure to comply).

A Michigan prisoner's conviction becomes "final" when the 90-day period to file a petition for writ of certiorari to the United States Supreme Court from the Michigan Supreme Court's denial of his direct appeal expires. *Sells v. Wolfe*, 77 F. App'x 299, 301 (6th Cir. 2003). In the present case, the Michigan Supreme Court denied the petitioner's application for leave to appeal on May 30, 2007. The petitioner's conviction became final 90 days later on August 28, 2007. The

petitioner, therefore, had until August 28, 2008 to file his habeas petition, unless that deadline was tolled for some reason.

Title 28, § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The petitioner filed a motion for post-conviction relief in the state trial court on May 6, 2008, two hundred fifty-two days after his conviction became final. The one-year statute of limitations was tolled until the Michigan Supreme Court denied the petitioner's application for leave to appeal on March 29, 2010. *See Lawrence v. Florida*, 549 U.S. 327 (2007) (holding that the one-year statute of limitations was not tolled during the pendency of petition for certiorari to the United States Supreme Court seeking review of denial of state post-conviction relief). At that point, the petitioner had one hundred thirteen days, until July 20, 2010, to file his habeas petition. The petitioner did not file his habeas petition until June 15, 2011, three hundred thirty days after the one-year statute of limitations had expired.

Nonetheless, "[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to be entitled to equitable tolling, a habeas petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Sixth Circuit considers five factors to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

>  (1) the petitioner's lack of notice of the filing requirement;
>  (2) the petitioner's lack of constructive knowledge of the filing requirement;
>  (3) diligence in pursuing one's rights;
>  (4) absence of prejudice to the respondent; and,
>  (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *id.* at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner is not entitled to equitable tolling of the limitations period, *id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling of the one-year limitations period. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The petitioner argues that the statute of limitations should be tolled because he received faulty advice regarding his filing deadline from a fellow inmate assigned to work as a legal writing assistant. The petitioner does not claim ignorance of the one-year limitation; he contends that he was misled about the triggering date for that period. Therefore, this Court's inquiry must focus on "examining his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay." *Vroman*, 346 F.3d at 605.

Receiving faulty advice from a fellow inmate does not rise to the level of "extraordinary circumstance" required to justify tolling the statute of limitations. The fact that the petitioner may be untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen*, 366 F.3d at 403 (holding that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing"); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich.

2001) (lack of professional legal assistance does not justify tolling). The petitioner has not offered any other justification for failing to pursue his rights diligently.

The one-year statute of limitations may also be equitably tolled by a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590. The Sixth Circuit has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Sixth Circuit has emphasized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Ibid.* (quoting *Schlup*, 513 U.S. at 321). The petitioner has presented no new reliable evidence to establish that he was actually innocent of the crimes charged. Having provided no grounds to equitably toll the statute of limitations, he cannot avoid dismissal on timeliness grounds.

III.

The Court concludes that the petitioner's application for a writ of habeas corpus is untimely, and that he is not entitled to statutory or equitable tolling of the limitations period.

Accordingly, it is **ORDERED** that the petitioner's motion for equitable tolling [dkt. #6] is **DENIED**.

It is further **ORDERED** that the order requiring a response to the petition [dkt. #4] is **VACATED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL